[Cite as *Deckard v. Greene Cty. Animal Control*, 2016-Ohio-7981.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

ELIJAH DECKARD

     Plaintiff-Appellant

v.

GREENE COUNTY ANIMAL
CONTROL

     Defendant-Appellee

:
:
:
:
:
:
:
:
:
:
:
:

C.A. CASE NO. 2016-CA-8

T.C. NO. CVH1501508

(Civil appeal from
  Municipal Court)

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____2nd__ _ day of _____December_____, 2016.

. . . . . . . . . .

ELIJAH DECKARD, 4054 Lyndell Drive, Beavercreek, Ohio 45434
    Plaintiff-Appellant

BETSY A. DEEDS, Atty. Reg. No. 0076747, 510 West Main Street, Fairborn, Ohio 45324
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Elijah Deckard, filed February 22, 2016. Deckard appeals from the January 29, 2016 decision of the Municipal Court of Fairborn Civil/Small Claims Division finding that Deckard's dog, Ivan, is a dangerous dog. We hereby affirm the judgment of the trial court.

**{¶ 2}** On November 2, 2015, notification from Greene County Animal Control ("GCAC") was issued to Deckard that provides that the issuing officer had probable cause to believe that Deckard's dog is a dangerous dog. The notice provides: "Your dog is deemed a <u>Dangerous Dog</u> – as defined in Ohio Revised Code 955.11(1) as a dog that without provocation has caused injury, other than killing or serious injury, to any person, or has killed another dog, or has been the subject of a third or subsequent violation of 955.22(c) of the Revised Code."

**{¶ 3}** On January 14, 2016, the court issued a judgment entry that provides that the "matter came before the Court for trial/hearing on Petitioner's Appeal of his dog's designation." The entry provides that the court continued the hearing to January 28, 2016.

**{¶ 4}** On January 29, 2016 the municipal court issued an Entry that provides:

This matter came before the Court upon the Petitioner's request for hearing to dispute the designation of the owner's dog as a dangerous dog by the Greene County Animal Control. Present in court were petitioner Elijah Deckard and prosecutor Betsy Deeds on behalf of Respondent.

Based upon the evidence presented, the Court hereby finds that the Respondent has proven by clear and convincing evidence that the dog, Ivan, a Rottweiler breed male dog, has been the subject of a Third or Subsequent violation of Failure to Confine/Control a dog. As such, the Court hereby finds that the dog is a dangerous dog as defined in Ohio Revised Code § 955.11.

Pursuant to Ohio Revised Code § 955.22, petitioner as the owner of

the dog is required to confine the dog in a locked pen with a covered top or locked fence yard while on the premises, to have the dog on a leash or chain leash no more than six (6) feet, or muzzled while off the premises, to obtain liability insurance, annually register the dog with the county auditor, have the dog vaccinated for rabies and have him neutered, have a clear "dangerous dog" sign posted on the premises, have a permanent microchip inserted in the dog, keep a special "dangerous dog" tag on his dog collar, notify the dog warden if the dog is loose or bites a person or attacks another dog, petitioner may not debark the dog and must notify the auditor within ten (10) days of any sale, transfer, or death of the dog.

{¶ 5} Deckard asserts two assignments of error herein, which we will consider together. They are as follows:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN CONVICTING APPELLANT AS APPELLANT WAS DENIED ASSISTANCE OF COUNSEL TO SHOW APPELLANT[']S PERFORMING OF DUE DILIGENCE TO CONTAIN SAID ANIMAL.

And,

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT[']S EVIDENCE IN APPELLANT[']S DEFENSE TO SHOW DUE DILIGENCE OF ANIMAL CONTAINMENT.

{¶ 6} In his brief, Deckard appears to argue that someone trespassed on his property and released his dog from proper confinement, and that accordingly the designation of the dog as dangerous is erroneous. GCAC responds that the "trial court

was bound by statute and required to follow R.C. 955.11 in determining that Plaintiff-Appellant's dog is dangerous. As such, the evidence of at least three prior convictions for violations of R.C. 955.22(C) mandated the trial court's finding."

{¶ 7} We initially note that a transcript of the proceedings below is not part of the record before us. In the absence of a transcript, "we must presume the regularity and validity of the trial court's proceedings * * *. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197 * * *." *City of Dayton v. Davis*, 2d Dist. Montgomery No. 17941, 2001 WL 28664, * 5 (Jan. 12, 2001).

{¶ 8} We further note that R.C. 955.11(A)(1)(a)(iii) defines a dangerous dog as "a dog that, without provocation * * * has * * * [b]een the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code." R.C. 955.22 provides:

(C) Except when a dog is lawfully engaged in hunting and accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of any dog shall fail at any time to do either of the following:

(1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape;

(2) Keep the dog under the reasonable control of some person.

{¶ 9} The record before us contains evidence that Deckard's dog has been the subject of three prior convictions of R.C. 955.22(C), namely in Kettering Municipal Court in December of 2013, in Xenia Municipal Court in March of 2015, and in Fairborn Municipal Court in January of 2016. This is sufficient to designate Ivan a dangerous dog.

The law does not require evidence that Ivan bit a human or another dog.   Furthermore, it is too late to challenge these underlying convictions.

{¶ 10} Presuming the regularity of the proceedings before the municipal court, and for the reasons set forth herein, Deckard's assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Elijah Deckard
Betsy A. Deeds
Hon. Beth W. Cappelli